## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRIDGET HYLAK as Power of )
Attorney for MARLENE HYLAK, )
                         )
     Plaintiff, )
                         )
     v. )       C.A. No. N17C-04-148 ALR
                         )
MANOR CARE – PIKE CREEK )
OF WILMINGTON, DE, LLC, a )
Delaware Limited Liability Company, )
                         )
     Defendants. )

Submitted: June 19, 2020
Decided: July 14, 2020

***Upon Defendant's Motion for Summary Judgment***
**DENIED**

## ORDER

Upon consideration of Defendant's motion for summary judgment and Plaintiff's response in opposition; the Superior Court Rules of Civil Procedure; the Delaware Rules of Evidence; the facts, arguments, and legal authorities set forth by the parties; decisional law; and the entire record in this case, the Court hereby rules as follows:

1. This civil lawsuit arises out of medical care received by Marlene Hylak at Defendant's nursing home/long-term-treatment facility. Plaintiff, as power of attorney for Ms. Hylak, alleges that Ms. Hylak suffered injuries to her hip as a result of Defendant's negligent nursing care. The deadline for Plaintiff's expert reports

was December 31, 2019.[1]  Among other reports not relevant to the instant motion, Plaintiff produced the report of Elizabeth Ridgley, Plaintiff's sole liability expert. Ms. Ridgley is a Registered Nurse.

2.      Defendant now moves for summary judgment arguing that Ms. Ridgley is not qualified to testify regarding the applicable standard of care because Ms. Ridgley lacks experience in the skilled nursing and long-term care settings.  Because Ms. Ridgley is not qualified, Defendant argues, Plaintiff cannot satisfy the initial burden of proving a deviation from the standard of care, an element that must be supported by expert testimony in Delaware.[2]

3.      The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3]  A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[4]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[5]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the

---

[1] *See* D.I. 52.
[2] 18 *Del. C.* § 6853(e) ("No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case . . . .").
[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[5] *Id.*

2

non-moving party."[6]  Summary judgment is appropriate only if Plaintiff's claims lack evidentiary support such that no reasonable jury could find in Plaintiff's favor.[7]

4.      Section 6854 of Title 18 of the Delaware Code requires that a medical expert testifying as to the standard of care be "familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify."[8]  When a witness's qualifications are challenged under Section 6854, the burden is on the party proffering the witness to establish that the witness meets Section 6854's requirements.[9]

5.      Generally, a medical professional in one school of medicine is not competent to testify about the standard of care in a different school of medicine.[10] That general rule gives way, however, when "the methods of treating a particular

---

[6] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[7] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

[8] 18 *Del. C.* § 6854 ("No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify.").

[9] *See Loftus v. Hayden*, 391 A.2d 749, 753 (Del. 1978) ("When objection is made to [a medical expert's] qualification, the witness must present facts from which the Court can reasonably conclude that the witness has the foundation essential to the expertise which he claims.").

[10] *Miller v. Christiana Care Health, Servs., Inc.*, 2018 WL 4705932, at *3 (Del. Super. Sept. 28, 2018); *Hurley v. Med. Ctr. of Del., Inc.*, 1988 WL 130399, at *1 (Del. Super. Nov. 28, 1988).

ailment are generally the same in either school."[11] Plaintiff argues that the medical setting in which Ms. Ridgley has nursing experience is not relevant to the standard of care in this case. Plaintiff argues that Ms. Ridgley's years of experience in nursing generally, along with her education, training, and experience as a nursing educator in a hospital's rehabilitation unit, make her competent to opine about the standard of care applicable to rehabilitation nurses, regardless of the types of medical facilities in which she has worked. Defendant argues that Ms. Ridgley must have experience in the skilled nursing and long-term care setting to be qualified to opine about the standard of care applicable to nurses in those settings.

6.      This Court addressed similar arguments in *Miller v. Christiana Care Health Services, Inc.*,[12] a medical negligence case involving emergency-room doctors. Following an emergency-room visit that ended with a patient's death, the patient's estate brought a medical negligence action against the hospital.[13] The estate offered the testimony of two standard of care experts who did not practice emergency medicine but nonetheless had experience with the patient's underlying medical condition.[14] In support of its motion for summary judgment, the hospital argued that the experts' lack of experience in the emergency-room setting rendered them

---

[11] *Hurley*, 1988 WL 130399, at *2; *accord Miller*, 2018 WL 4705932, at *3.
[12] 2018 WL 4705932.
[13] *Id.* at *1.
[14] *Id.* at *2.

unqualified under Section 6854.[15] This Court disagreed, finding that differences in medical specialties or the setting of care between the treating professional and the medical expert do not alone make the expert unqualified.[16] Both experts testified that the applicable standard of care was the same across medical specialties and does not change based on the setting of care.[17] Based on that testimony, the Court found that the experts were qualified to testify and denied the hospital's motion.[18]

7.      Here, Ms. Ridgley, by affidavit, attests that she not only has "provided care to patients similar to Ms. Hylak" but also has "provided nursing care to patients who have undergone [the procedure from which Ms. Hylak was recovering] over 100 times."[19] Based on that experience, Ms. Ridgley confirms that the "standards of care are not different in a hospital or in a skilled rehabilitation facility with respect to postoperative care of these types of patients."[20] Ms. Ridgley's affidavit also states that a hip precaution, the procedure involved in this case, is a "standard nursing procedure" that "does not differ from facility to facility."[21] Thus, like the estate in *Miller*, Plaintiff has offered evidence showing that the applicable standard of care

---

[15] *Id.*

[16] *Id.* at *3–4.

[17] *Id.*

[18] *Id.*

[19] Pl.'s Resp. Opp'n Def.'s Mot. Summ. J. Ex., at 2.

[20] Pl.'s Resp. Opp'n Def.'s Mot. Summ. J. Ex., at 2.

[21] Pl.'s Resp. Opp'n Def.'s Mot. Summ. J. Ex., at 2.

does not change based on medical specialty or setting of care.[22]  Therefore, while Defendant is entitled to challenge Ms. Ridgley's testimony at trial, Defendant is not entitled to summary judgment because Plaintiff has produced evidence showing Ms. Ridgley is qualified to testify under Section 6854.

**NOW, THEREFORE, this 14th day of July 2020, Defendant's motion for summary judgment is DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[22] *See Miller*, 2018 WL 4705932, at *4.